UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERNE WILLIAMS, for her son,
Charles Deavon Williams, and all
similarly treated peoples,

                      Petitioner,

v.                                                         Case No. 17-cv-11014
                                                               Honorable Victoria A. Roberts

ELISHA V. FINK, PAUL WARD, KIRK TABBEY,
KIRK TABBEY'S COURT REPORTERS, 14A-3 DISTRICT
COURT, 14A-3 DISTRICT COURT ADMINISTRATORS,
14A-2 DISTRICT COURT ADMINISTRATOR,
14A-2 DISTRICT COURT STAFF, THE CITY OF YPSILANTI,
MICHIGAN, AMANDA E. EDMOND, NICOLE BROWN,
THE YPSILANTI CITY COUNCIL, THE YPSILANTI
CHIEF OF POLICE, JESSE O'JACK, JOHN BARR,
ERMIR VILA, EASTERN MICHIGAN UNIVERSITY,
THE 22ND CIRCUIT COURT, THE 22ND CIRCUIT COURT STAFF,
DAVID SWARTZ, CAROL KUHNIKE, PATRICK J. CONLIN,
WASHTENAW COUNTY, THE STATE OF MICHIGAN,
MICHIGAN COURT ADMINISTRATORS, THE STATE COURT
ADMINISTRATOR'S OFFICE AND ITS REGIONAL COURT DIRECTORS,
THE NATIONAL CENTER FOR STATE COURTS,
PLANTE MORAN, INC., PAUL E. PEDERSEN,
PEDERSEN, KEENAN, WACHSBERG & ANDRZEJAK, P.C.,
RICHARD V. STOKAN, JR., O'CONNOR, DEGRAZIA,
TAMM & O'CONNOR, P.C., CYNTHIA L. REACH and
REACH LAW FIRM, BILL SCHUETTE AND ALL ASSISTANT
ATTORNEYS GENERAL, ADAM L.S. FRACASSI, ROBIN A. HIAR,
JOHN DOE(S), and JANE DOE(S), *et al.*,

                      Respondents.
_____/

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
GRANTING RESPONDENTS' MOTION TO DISMISS [5],
DENYING THE MOTION FOR DEFAULT JUDGMENT [7], AND
DISMISSING THE HABEAS PETITION [1] WITHOUT PREJUDICE**

This matter came before the Court on petitioner Laverne Williams' *pro se* petition for the writ of habeas corpus on behalf of her son, Charles Deavon Williams ("Charles"). The respondents are municipal, county, state, and national entities and officials, as well as, a few professional firms and other individuals. Also before the Court is a motion to dismiss, which several court and county respondents filed, and Mrs. Williams' motion for default judgment. For reasons given below, the Court grants Mrs. Williams' request for leave to proceed *in forma pauperis*, but denies her motion for default judgment. The Court also grants the respondents' motion to dismiss, but dismisses the entire petition on other grounds and closes this case.

## I. Background

The petition and exhibits allege that, on May 18, 2015, Ermir Vila, a campus police officer for Eastern Michigan University, illegally stopped Charles for having tinted windows on his vehicle. Charles had an open beer can and marijuana in his vehicle. He was arrested and charged with possession of drug paraphernalia and having open intoxicants in his vehicle. He was held in the Washtenaw County Jail for almost two months, and although he was released from jail at some point, he was re-arrested on February 13, 2017, because he missed a court date.

On March 30, 2017, Mrs. Williams filed this petition, which includes a request to proceed *in forma pauperis* and claims for money damages under 42 U.S.C. § 1983. Mrs. Williams also seeks Charles' immediate release from custody. She claims that Charles is innocent of the criminal charges and that he was maliciously prosecuted, falsely imprisoned, given excessive bonds for nonviolent misdemeanors, and denied counsel of choice. She also claims that Charles was denied his constitutional rights to a speedy trial, to confront his accuser, and to due process and equal protection of the law.

The pending motion to dismiss was filed by respondents Elisha Fink, Paul Ward, Kirk Tabbey, Kirk Tabbey's court reporters, 14A-3 District Court, 14A-3 District Court Administrators, 14A-2 District Court Administrator, 14A-2 District Court Staff, the 22nd Circuit Court, the 22nd Circuit Court Staff, David Swartz, Carol Kuhnike, Patrick J. Conlin, Washtenaw County, Cynthia L. Reach, and Reach Law Firm. Respondents allege that Charles was released from jail on April 5, 2017, following his guilty plea and resolution of both misdemeanor cases. They seek to be dismissed on grounds that the pleading was not properly served on them, the pleading fails to state a cognizable claim or cause of action, and the request for habeas relief does not meet the requirements of 28 U.S.C. § 2241 or § 2254. Respondents also argue that the § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the respondent judges are entitled to absolute immunity from suit.

## II. Discussion

Upon receipt of a habeas corpus petition, a federal court must promptly examine the petition to determine if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Habeas Rule 4 allows the summary dismissal of a petition if it appears from the petition that the petitioner is not entitled to relief).

A preliminary question here is whether Mrs. Williams is a proper party to this action and whether this action may proceed in the absence of Charles' signature on the petition. Under 28 U.S.C. § 1654, parties may plead and conduct their own cases personally or through counsel. In

other words, "[p]arties may proceed in federal court only pro se or through counsel." *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012). "[T]he statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also J.M. Huber Corp. v. Roberts*, 869 F.2d 1491, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989) (unpublished decision stating that "[t]he statute clearly makes no provision for a non-attorney's representation of others"). Furthermore, under Federal Rule of Civil Procedure 11(a) "[e]very pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."

The real party in interest is Charles, but he did not sign the habeas petition. Even though Mrs. Williams attempts to seek relief for Charles, she does not claim to be an attorney, and the Court has no proof that she is a member of the State Bar of Michigan. Because Mrs. Williams is not an attorney, she has no standing to raise arguments on behalf of her son. *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011). A power of attorney for her son may confer certain decision-making authority under state law, but it does not permit her to represent Charles *pro se* in federal court. *Williams*, 477 F. App'x at 11. In the absence of proper representation, the Court may not reach the merits of Charles' claims. *Id*. The Court lacks jurisdiction because the petition was filed in violation of § 1654. *J.M. Huber Corp*, 1989 WL 16866, at *1.

### III. Conclusion

The Court grants Mrs. Williams' request to proceed *in forma pauperis,* but dismisses the petition without prejudice and denies as moot the motion for default judgment.

The Court grants Respondents' motion to dismiss on alternative grounds[1] and closes this case. The Court declines to issue a certificate of appealability; reasonable jurists could not disagree with the Court's resolution of the constitutional claims, nor conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

ORDERED.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2017

---

[1] Because the Court dismisses the petition under 28 U.S.C. § 1654 and Federal Rule of Civil Procedure 11(a), the Court need not address the arguments raised in Respondents' motion to dismiss.