UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERNE WILLIAMS, for her son,
Charles Deavon Williams, and all
similarly treated peoples,

Petitioner,

v.

Case No. 17-cv-11014
Hon. Victoria A. Roberts

ELISHA V. FINK, PAUL WARD, KIRK TABBEY,
KIRK TABBEY'S COURT REPORTERS, 14A-3 DISTRICT
COURT, 14A-3 DISTRICT COURT ADMINISTRATORS,
14A-2 DISTRICT COURT ADMINISTRATOR,
14A-2 DISTRICT COURT STAFF, THE CITY OF YPSILANTI,
MICHIGAN, AMANDA E. EDMOND, NICOLE BROWN,
THE YPSILANTI CITY COUNCIL, THE YPSILANTI
CHIEF OF POLICE, JESSE O'JACK, JOHN BARR,
ERMIR VILA, EASTERN MICHIGAN UNIVERSITY,
THE 22ND CIRCUIT COURT, THE 22ND CIRCUIT COURT STAFF,
DAVID SWARTZ, CAROL KUHNIKE, PATRICK J. CONLIN,
WASHTENAW COUNTY, THE STATE OF MICHIGAN,
MICHIGAN COURT ADMINISTRATORS, THE STATE COURT
ADMINISTRATOR'S OFFICE AND ITS REGIONAL COURT DIRECTORS,
THE NATIONAL CENTER FOR STATE COURTS,
PLANTE MORAN, INC., PAUL E. PEDERSEN,
PEDERSEN, KEENAN, WACHSBERG & ANDRZEJAK, P.C.,
RICHARD V. STOKAN, JR., O'CONNOR, DEGRAZIA,
TAMM & O'CONNOR, P.C., CYNTHIA L. REACH and
REACH LAW FIRM, BILL SCHUETTE AND ALL ASSISTANT
ATTORNEYS GENERAL, ADAM L.S. FRACASSI, ROBIN A. HIAR,
JOHN DOE(S), and JANE DOE(S), *et al.*,

Respondents.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [13]**

## I. Introduction

This matter initially came before the Court on Laverne Williams' *pro se* petition for a writ of habeas corpus on behalf of her son, Charles Deavon Williams, and all similarly treated people. The petition and exhibits alleged that, on May 18, 2015, an Eastern Michigan University campus police officer illegally stopped Charles for having tinted windows on his car. The officer arrested Charles and charged him with possession of drug paraphernalia and open intoxicants in his car. He was held in the Washtenaw County Jail for almost two months. He was re-arrested on February 13, 2017, because he missed a court date.

Ms. Williams sought money damages and Charles' release from state custody on grounds that Charles was innocent of the criminal charges, maliciously prosecuted, falsely imprisoned, given excessive bonds, and denied counsel of choice. Ms. Williams also claimed that Charles was denied his constitutional rights to a speedy trial, to confront his accuser, to due process, and to equal protection of the law.

On May 5, 2017, the Court dismissed the petition without prejudice, holding that Ms. Williams had no standing to raise arguments on her son's behalf and no authority to represent him *pro se* in federal court. Now before the Court is Ms. Williams' motion for reconsideration.

## II. Analysis

Under this District's Local Rules, a motion for reconsideration "must be filed within 14 days after entry of the judgment or order." LR 7.1(h)(1). Furthermore, the Court generally

will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

The Court entered its dispositive opinion and judgment on May 5, 2017. *See* ECF Nos. 9 and 10. Ms. Williams filed her motion for reconsideration thirty-five days later on June 9, 2017. *See* ECF No. 13. The motion is untimely because it was not filed within fourteen days of the Court's dispositive opinion and judgment.

Additionally, Ms. Williams failed to show that the Court made a palpable defect by dismissing the habeas petition and closing the case. Ms. Williams states repeatedly in her lengthy motion that she has limited power of attorney to sign and file documents for her son and that she is his counsel of choice. But she failes to demonstrate that she is an attorney licensed to practice law in this State. She has no standing to raise arguments on behalf of someone else, *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011), and no authority to represent Charles or anyone else *pro se* in federal court, *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012).

If Charles wants to pursue habeas relief, he may file a new habeas petition through counsel or on his own behalf, 28 U.S.C. § 1654, preferably on an approved form.

For these reasons, the motion for reconsideration (ECF No. 13) is

**DENIED.**

Dated: AUG 9 2017

VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE